### WILLIAM PASTON v. JOHN G. BLANKS.

#### No. 6553.

**Statutes Construed—Homestead—Donations.**—Construing article 3951, Revised Statutes, *held:* The "occupation" referred to in the statute which affords exemption from the survey of public land for homestead purposes must be of land "titled or equitably owned under color of title from the sovereignty of the State," and such occupation must be of the owner or of some person holding for him, and not a mere occupation without claim of right.

APPEAL from Caldwell. Tried below before Hon. H. Teichmueller. The opinion states the case.

*H. R. Stringfellow,* for appellant. — 1. The erection of enclosures upon public lands without some right of which said enclosures may be the evi-

dence does not under the homestead laws of this State (Rev. Stats., art. 3951) constitute an appropriation of such land so as to preclude the right of a homestead claimant to establish his homestead thereon and to acquire the same under said laws.

2. A naked trespasser upon public land has no right in the land which the law respects, and in spite of enclosures made by such trespassers a bona ' fide homestead claimant may establish his homestead so as to include lands so enclosed, and by proceeding under the statute may acquire title thereto.

*Nix, Storey & Storey,* for appellee. — 1. If it appears from the records of the General Land Office or from the map and records of the county that the land in controversy is patented, and if the same is occupied, enclosed, and claimed under said patents, such land is not subject to homestead donation or pre-emption claim. Rev. Stats., arts. 3951, 3936.

2. A person claiming a homestead donation must be an actual settler upon the land claimed; this settlement must be an ouster of all others claiming possession. Rev. Stats., arts. 3939, 3944.

ACKER, PRESIDING JUDGE.—William Paston brought this suit against John G. Blanks in the usual form of trespass to try title to 160 acres of land, which he claimed by virtue of alleged compliance with the requirements of the statute granting homestead donations to citizens of this State. The land was described as being from 137 to 159 varas in width by 6072 long, situated between the E. Hines league and the A. D. Heddenberg survey on its southwest, and the Ira Bisbee, William Morrison, and C. Crenshaw surveys on the northeast. It was alleged in the petition that prior to plaintiff's settlement and occupation of the land in December, 1885, it was vacant and unappropriated public domain, subject to settlement under the homestead donation laws; and that "while the Bisbee, Morrison, and Crenshaw surveys in their field notes call for the Hines survey as their southwest boundary, in fact as located and marked on the ground said surveys do not reach to or abut upon the Hines survey."

The defendant answered by the plea of not guilty, and specially that the land described in the petition was included in the Hines, Bisbee, Heddenberg, Morrison, and Crenshaw surveys, and that so much of the land sued for as was claimed by defendant and described in his answer "was on the 5th day of December, 1885, and for a long time prior to said date, enclosed and occupied by defendant, and was not such vacant and unappropriated public domain as was subject to location and settlement under the homestead donation laws, even if it should prove to be unpatented land;" and specially denied that plaintiff had ever resided on the land.

On the trial it was developed by the evidence and admitted by the plaintiff that that portion of the land sued for which was claimed by the

defendant was at the date of appellant's survey and at the time of the trial within defendant's enclosure, whereupon the court withdrew the case from the jury, and rendered judgment for defendant, and the plaintiff appealed.

The judge filed findings of fact in accordance with plaintiff's admission above stated, upon which he filed a conclusion of law to the effect that the land sued for and claimed by defendant having been appropriated by him, that such appropriation being evidenced by actual occupation before and at the time the land was surveyed by plaintiff, it was not subject to be surveyed and acquired by any person as a homestead donation, "and that the proceedings of plaintiff to acquire said land as a homestead donation were void as against the defendant, and that further investigation whether or not the land in controversy is part of the public domain is useless and can not effect the result of the cause."

All of the assignments of error relate to the court's conclusion of law on which the judgment was rendered. The conclusion of law and judgment of the court below doubtless rest upon the construction placed by the trial judge upon article 3951 of the Revised Statutes, which is the last article in the chapter providing for homestead donations. That article provides that "no person shall settle upon or occupy, nor shall any survey be made or patented under the provisions of this chapter upon any land titled or equitably owned under color of title from the sovereignty of the State, evidence of the appropriation of which is on the county records or in the General Land Office, or where the appropriation is evidenced by the occupation of the owner or of some person holding for him." This is an exact copy of article 3936 in the chapter of the Revised Statutes relating to pre-emptions. The trial court construed this statute to mean that any appropriation of the public domain, when such "appropriation is evidenced by the occupation of the" person claiming the land, would exempt the land so occupied from settlement and survey as a homestead donation and protect it against appropriation for that purpose.

This construction, we think, is manifestly erroneous. The occupation which affords such protection and exemption to the land must be of land "titled or equitably owned under color of title from the sovereignty of the State," and such occupation must be "of the owner or of some person holding for him," and not the mere occupation without any claim of right.

We think the court erred in refusing to proceed with the trial and hear the evidence offered to prove that the land claimed by plaintiff was subject to his claim as a homestead donation.

We are therefore of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 20, 1890.