## SHEPPARD v. CITY AND COUNTY OF DALLAS LEVEE IMPROVEMENT DIST.

### No. 12572.

Court of Civil Appeals of Texas. Dallas.

Dec. 18, 1937.

K. VanSlyck, E. E. Hurt, and John W. Craig, all of Dallas, for appellant.

Norman R. Crozier, Jr., of Dallas, for appellee.

BOND, Chief Justice.

Appellee challenges the insufficiency of appellant's brief to properly present the issues involved in this case, and to dismiss the appeal because of appellant's failure to comply with the rules for briefing.

Appellant's brief contains quite a number of pages, none of which are numbered, and the index refers to page numbers in the brief to find recited instruments, where there are none; the authorities listed are not in alphabetical order, and he makes no reference to page numbers in the brief. The statement of the nature and result of the case is not a succinct statement, but consists of argumentative suggestions, of which the following is typical: "There is nothing in the record, nor is this appellant advised as to what was in the mind of the trial judge in thus rendering this non obstante judgment whereby it ignored and held for naught the entire findings of the jury upon the issues submitted." There are no assignments of error either in the back or front of the brief, or elsewhere. Appellant presents what he terms "points of error," and recites that they are based substantially on "appellant's motion for new trial." If the motion for new trial was intended to serve as appellant's assignment of error, the motion for new trial should have been incorporated somewhere in the brief. The "points of error" merely state abstract propositions, in that the trial court erred in entering judgment non obstante veredicto, and assign as reasons for the error, that (1) the motion for the judgment failed to contain the necessary statutory provisions; (2) the case is not such as, under the statute, a judgment non obstante veredicto exists in the trial court because of no proper motion before the court, and the pleadings, evidence, and jury findings determined the issues; and (3) the statute under which the court acted is unconstitutional and void, empowering the trial judge to invade the province of the jury.

The rules for briefing are designed for the purpose of aiding the appellate court in reaching a correct decision and to enable the court to dispose of the appeal with the least labor and consumption of time. We consider, a substantial rather than a technical compliance with the rules are sufficient where the brief effectuates the purpose for which it is designed. So, in order to properly present assignments by which the judgment of the court below should be reversed or sustained, the propositions or "points of error" must present something tangible, and not mere abstractions, affirming which is alike applicable to all cases. Texas & P. Ry. Co. v. Middleton, 27 Tex.Civ.App. 481, 65 S.W. 378; Wright v. Maddox, Tex.Civ. App., 286 S.W. 607. They must be based upon assignments of error, and the assignments must be incorporated somewhere in the brief.

The objections raised to appellant's brief deleting all technical matters are insufficient to advise this court of any assignment of error, necessitating this court to search the entire record. The "points of error" assigned are mere abstractions reciting, in effect, that the trial court erred in rendering judgment non obstante veredicto, and have as their base appellant's motion for new trial, to which this court is directed to the transcript. The insufficiency of the brief is manifest. Court of Civil Appeals Rules 29, 30, 32 and 35. Appellant has disregarded the substantial rules for briefing, justifying the affirmance of the case.

However, in deference to the importance of the case to the parties involved, we have carefully reviewed the record and concluded that the trial court did not err in sustaining appellee's motion for judgment non obstante veredicto. It is the law of this state that, whenever the facts of a case would justify the trial court to give an instructed verdict, that is, the case presents questions of law and not of fact, the court is required to render judgment without the aid of jury findings, and not otherwise. Article 2211, R.S.1925, as amended Acts 1931, 42d Leg. p. 119, c. 77, § 1, Vernon's Ann.Civ.St. art. 2211, provides: "That upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence." Thus, it will be seen that no special form of motion or notice is required. The power of the court to render judgment notwithstanding the verdict of the jury is based upon the idea that no factual

issue exists, and the case presents only a question of law for the determination of the judge. Such law does not contravene any constitutional provision for the trial of fact issues by juries.

The salient features of this case are: On and prior to March 11, 1931, Simms Oil Company owned certain lands in Dallas county, and on that date executed and delivered to City and County of Dallas Levee Improvement District of Dallas county, Tex., a public corporation, a deed of easement to 5.68 acres of the land. In the deed the levee district was granted the "free and uninterrupted use, liberty, privilege, easement and right of way, for the purpose of building and maintaining levees, borrowpits, flood-way and any and all other uses and purposes which are or may be necessary or desirable in the building or maintaining of any system of levees or drainage * * * over, across, and through" said land.

On January 28, 1935, the Simms Oil Company executed and delivered to Mrs. Portia M. Sheppard, wife of appellant, W. P. Sheppard, a warranty deed conveying to her, in fee, certain lands, which included within its bounds the 5.68 acres theretofore granted to the levee improvement district. The deed to Mrs. Sheppard recited that the land conveyed is "subject to an easement granted to the City and County of Dallas Levee Improvement District of Dallas County, Texas, for the purpose of building and maintaining levees, borrow pits, flood way and any and all other uses and purposes which are and may be necessary or desirable in the building and maintaining of any system of levees and drainage which said City and County of Dallas Levee Improvement District, its successors and assigns shall at any time construct or cause to be constructed over, across and through said land."

Subsequent to the execution of the deed to Mrs. Sheppard, her husband, the appellant herein, went upon the land embraced in the easement deed and made valuable and lasting improvements thereon, built two iron buildings or sheds, a fence of post and wire, filled in back of and on the side of the levee with dirt and gravel.

Appellee instituted this suit, for mandatory injunction, to enforce its easement rights and to compel appellant to remove the encroachments on its easement right of way. The case was submitted to a jury on special issues, and, on substantial evidence, the jury found that appellant's encroachments do not now and will not in the future interfere with appellee's free and uninterrupted use of the land for the purposes. of repairing and maintaining the levee. On motion, the trial court disregarded the findings of the jury, rendered judgment non obstante veredicto, and compelled appellant to remove his improvements from land covered by appellee's deed.

The rights of the respective parties in the land in question are not in dispute: Appellant's wife owns the land in fee, subject to appellee's free and uninterrupted use, liberty, privilege, easement, and right of way as may be necessary or desirable for the purpose of building and maintaining the levee. It is undisputed that appellee constructed its levee, sodded it with Bermuda grass to avoid erosion and slides, and left space free of obstructions between the toe or bottom of the levee and the outside boundary of the right of way for free ingress and egress to maintain the levee. Further, the evidence is that appellant's encroachments have eradicated the Bermuda grass, dug postholes in the side of the levee, and, according to appellee's evidence, stopped the free and unobstructed use of the land, making the levee susceptible to slides and erosion and interfering with the use and liberty of its grant.

Obviously, appellant's rights are subservient to the rights of appellee. The grant of the exclusive use of the land for levee purposes, extending to any and all other uses and purposes which are or may be necessary or desirable in the building and maintaining of the levee, is, in practical effect, an estate in fee to the easement owner. The owners of the fee, Mrs. Sheppard and her husband, have no right to use the land, as against the objection of the easement owner. The easement owner is the dominant tenant and is entitled to the free and undisturbed use of its property for the purposes of the easement. Calcasieu Lumber Co. v. Harris, 77 Tex. 18, 13 S.W. 453; Texas Co. et al. v. Texarkana Mach. Shops, Tex.Civ.App., 1 S.W.2d 928; Gillett v. Van Horne et al., Tex.Civ.App., 36 S.W.2d 305.

We think the trial judge correctly held that the verdict of the jury was not available to appellant in determining the issue involved; its findings were immaterial, thus the judgment non obstante veredicto was proper. The judgment is affirmed.

Affirmed.