**WEST et ux. v. CULPEPPER et al.**

No. 2243—7368.

Commission of Appeals of Texas, Section A.

May 22, 1940.

Lewright, Lewright & Young, of San Antonio, for plaintiffs in error.

Perkins & Floyd, of Alice, for defendants in error.

GERMAN, Commissioner.

On July 1, 1937, plaintiffs in error, Buck S. West and Tommie Scott West, filed this suit in the District Court of Live Oak County against W. G. Culpepper and J. F. Stewart, as defendants. The parties will be designated as in the trial court.

Plaintiffs asked for temporary injunction, and as final relief prayed that the temporary injunction be made permanent. The basis of the prayer for injunction was that plaintiffs were in possession of certain lands aggregating about 2,300 acres; that they had for a number of years been in actual and peaceable possession of said lands; that defendants had wrongfully entered upon said lands and were attempting to construct certain fences thereon and around certain portions thereof; that the construction of said fences, if permitted, would interfere with plaintiffs' possession and would prevent the grazing of their cattle on said lands, and would deprive them of the benefit of water for their cattle.

A temporary injunction was granted in favor of plaintiffs. On appeal, the Court of Civil Appeals, on November 3, 1937, dissolved this injunction. 110 S.W.2d 231. Although writ of error was granted, plaintiffs at no time requested the Supreme Court to grant temporary injunction, and have in no manner indicated that a restraining order was necessary.

After the submission of this case here, a suggestion was made that the cause was moot. In response to request by the Supreme Court the Honorable W. G. Gayle, Judge of the District Court of Live Oak County, held a hearing and made report to the Supreme Court with reference

to the conditions now prevailing as regards the subject matter of this suit. From this report it clearly appears that if any controversy exists between the parties it involves purely a claim of title to land, and does not pertain to interference with possession of plaintiffs.

We are of the opinion that it would be wholly useless to now determine whether or not the trial court was justified in issuing temporary injunction, as was done, and therefore the cause as pending here is moot. Besides, it is reasonable to presume that plaintiffs are now ready for a speedy hearing upon the merits of their action, if they desire to further prosecute same.

This cause is, therefore, in so far as it involves temporary injunction, dismissed at the cost of plaintiffs in error, and the cause would stand upon the docket of the district court for further hearing upon the merits of the case.

Opinion adopted by the Supreme Court.