### JACKSON et al. v. NACOGDOCHES COUNTY.

No. 13619.

Court of Civil Appeals of Texas. Dallas.

May 4, 1945.

Rehearing Denied June 1, 1945.

W. M. Fouraker and E. P. Bryan, both of Dallas, for appellants.

C. C. Denman, of Nacogdoches, for appellee.

BOND, Chief Justice.

This suit was instituted in the District Court of Henderson County, Texas, by Nacogdoches County for itself and for the use and benefit of the Public School System of that county, against A. L. Daniels et al., the direct and collateral descendants of Joe Daniels, deceased, his unknown heirs and assigns, for title and possession of 187 acres of land. The controlling question presented is one of limitation.

The facts are undisputed. In 1853, Nacogdoches County, according to a land certificate issued by State authorities to the Commissioners of the county for educational purposes, located the land in Henderson County; and thereafter the State, by deed of that date, granted the land to the county for and in behalf of its public schools. In 1880, the Commissioners, through one R. H. Irion, agent appointed by the court, sold the land to Joe Daniels for a consideration of $140 cash and two vendor's lien notes of $160 each, due January 1, 1881 and 1882, respectively; accordingly the State executed a deed to the purchaser. Joe Daniels defaulted in the payment of the notes; and in consequence, in 1887, R. H. Irion, for the use of Nacogdoches County, foreclosed in the District Court of Henderson County the vendor's lien, caused an order of sale to issue against Joe Daniels, and sold the land to "R. H. Irion for the use of Nacogdoches County"; and on June 7, 1887, in pursuance to such foreclosure proceeding, the sheriff executed a deed to the purchaser in consideration of $400. Subsequently, on October 4, 1887, the Commissioners' Court of Nacogdoches County appointed one George M. Ingram, county agent, to handle, sell and otherwise dispose of the land.

The parties in suit, in effect, agreed in the court below that title to the land vested in Nacogdoches County, and that, if the statutes of limitation affecting land titles apply to counties under the related facts, then plaintiff's suit is barred; otherwise, plaintiff should recover title and possession of the land.

It is settled law in this State that title to State lands cannot be acquired by adverse possession (Blaffer v. State, Tex. Civ.App., 31 S.W.2d 172; Poston v. Blanks, 77 Tex. 330, 14 S.W. 67; Humble Oil & Ref. Co. v. State, Tex.Civ.App., 162 S.W.2d 119); and it cannot be acquired against a political subdivision of the State dedicated under the Constitution to the furtherance of public rights and duties. Miller v. State, Tex.Civ.App., 155 S.W.2d 1012. The State Constitution declares that counties hold their school lands in trust for their public schools. The schools are institutions of the State and, as a part of the State's governmental policy, are established and maintained in part by funds entrusted to the management of Commissioners' Courts of the various counties as instruments in executing that policy. The counties are trustees of the State to protect the lands and funds of which they have control for the purposes of the trust. The public schools are the beneficiaries of the trust. The title to public school lands vests in the trustees for educational purposes; hence suits to protect and recover the trust are in effect but suits for and in behalf of the public and in furtherance of the governmental policy. There is a distinction as to the application of the law that general limitation statutes are available in actions brought by municipalities, counties and other governmental subdivisions based upon "private" or "proprietary" rights and those based upon "public" or "governmental" rights; accordingly, in absence of specific provisions in the statutes, actions involving so-called "private" or "proprietary" rights, as opposed to "public" or "governmental" rights, municipalities and other governmental subdivisions are not exempted from the operation of general statutes of limitation; but, in actions involving the public and pertaining purely to governmental affairs, in which the political subdivision represents the public at large, or the state, in favor of sovereignty affairs, the general statutes of limitation do not operate as a bar.

In 1883, the policy was adopted; Section 6, Article 7, of our State Constitution, Vernon's Ann.St., directing that "All lands heretofore, or hereafter granted to the several counties of this State for educational purposes, are of right the property of said counties respectively, to which they were granted, and title thereto is vested in said counties, and no adverse possession or

limitation shall ever be available against the title of any county." Construing this Article in connection with the Constitution which preceded it, it is clear that it has always been the intention of the State to vest title to county school land in the several counties, making them trustees of the State to protect the lands and funds entrusted to them. Therefore counties, being subdivisions of the State, seeking to enforce a right in which the State sovereignty has an interest, adverse, laches, or limitation possession is not available against either the legal or equitable title to lands so granted for educational purposes. The doctrine of exemption rests upon the theory that, in a representative government where the people do not and cannot act in a body, where their power is delegated to others and must of necessity be exercised by them, if exercised at all, "no time runs against the government." The rights of counties must be tested not alone by the length of time that has elapsed, but their status as a litigant, and when this is considered, limitation is eliminated when exercising functions of government. Jernigan v. Finley, 90 Tex. 205, 212, 38 S.W. 24. The deed, executed in pursuance to the foreclosure, placed the legal title to the land in R. H. Irion; the equitable title in Nacogdoches County.

Appellant contends, in substance, that as the deed in the foreclosure proceedings recites that the land was sold to "R. H. Irion for the use of Nacogdoches County", and that the purchaser paid the consideration therefor, in absence of proof that the land was acquired in such sale for educational purposes, or that school funds were used in purchasing the land, the presumption must be indulged that it was acquired for the use of general "county business", and not for educational purposes; hence limitation is applicable against the county. We think it could hardly be said that the rule of presumptive evidence is available to establish title or beneficiary interest of the county in the land for "private" or "proprietary" uses as to exempt it from the operation of the statutes of limitation. The public schools of Nacogdoches County were the beneficiaries of the notes given for the purchase of the land by Joe Daniels; the county was their trustee, entrusted by law with the lands and funds of the school system, and R. H. Irion was their agent, empowered by the trustee to sell the land, take the notes and,

on default, to institute foreclosure proceedings. The suit was instituted for the school beneficiaries in name of "R. H. Irion for use of Nacogdoches County"; accordingly judgment was entered, order of sale issued, the land was sold and deed executed to the jugment creditor. The recitals in the deed that R. H. Irion paid the sheriff the $400 consideration for the land and took title for the use of the county, do not imply that the purchase was made for "county business"; but, if any presumption should be indulged, it must be that the "use" of the land by the county was for the use of the beneficiaries of the trust—the judgment creditor. To what other use could Nacogdoches County make of 187 acres of land in Henderson County? The rule that bars the equitable title of the cestui que trust, when the legal title held by another is barred by statute of limitation, has no application to suits by or for the county holding title, legal or equitable, for the use of the public school system of the county. We think it is clear that title to the land was reacquired by the county for the use of its school system, and that its suit is not barred by limitation.

Judgment affirmed.