**CITY AND COUNTY OF DALLAS LEVEE
IMP. DIST. et al.**

v.

**CARROLL.**

No. 14747.

Court of Civil Appeals of Texas.
Dallas.

Nov. 6, 1953.

Rehearing Denied Dec. 11, 1953.

Bowyer, Gray, Thomas, Crozier & Harris, Dallas, for appellants.

Burt Barr and J. Lee Zumwalt, Dallas, for appellee.

DIXON, Chief Justice.

Appellants, City and County of Dallas Levee Improvement District and Dallas County Flood Control District, filed suit in trespass to try title against appellee Roy Carroll for possession of a tract of land lying within the old bed of the Trinity River near the corner of Industrial Boulevard and Corinth Street in the City of Dallas. They also sought a mandatory injunction to require appellee to remove encroachments and obstructions alleged to have been placed on the property by appellee. This appeal is from a judgment in favor of appellee that appellants take nothing by their suit.

Appellee has filed a motion that the appeal be dismissed because the appellant Flood Control District has not filed an appeal bond. The Flood Control District was created by the Acts of 1945, 49th Legislature, page 619, Chapter 355, Vernon's Ann.Civ.St. following § 8197f. Section 1 of the Act provides that it shall be a governmental agency and body politic with the powers of government. Section 2 describes the powers, rights, privileges, and functions of the District. It is obviously a water control and improvement district and does not have to give bond on appeal. Art. 2276a, V.A.C.S. The motion to dismiss is overruled.

The Trinity River formerly flowed in a southerly direction in a channel which lay immediately west of the downtown section of the City of Dallas, hard by the county courthouse itself. Not ordinarily a large stream as rivers go, the Trinity had a bad habit of bursting its bounds following heavy rains and flooding an area about a mile wide lying between the business section of Dallas and the part of the city known as Oak Cliff.

It was to reclaim part of this bottom land by the construction of levees and other improvements that the Levee District was created in 1926. A plan of reclamation was prepared, adopted, approved, and filed as required by statute. Then the course of the Trinity River was changed so that the river was made to flow between levees in a new straight channel one-half mile west of the old channel. To properly drain the reclaimed land, sluice gates and conduits were constructed and pumps were placed at suitable places so that surface drainage water could be pushed through the levees into the new floodway between the levees. And to aid further in the drainage of the reclaimed land the old river channel was set aside as a storage basin to hold excess drainage water, if and when water should accumulate outside the levees faster than it

could be pumped through into the new floodway. The main project was completed in 1931 but the maintenance of the levees and drainage facilities is a continuing responsibility.

About seven years prior to the date of the trial, appellee began renting privately owned property adjacent to the old river channel. After renting for about a year and a half, appellee moved over onto the adjoining land to the east, which land lies entirely within the old river channel, and therefore belongs to the State of Texas. It is the property in controversy here. Appellee built a garage on the tract and has since occupied and used the premises for his automobile repair business. He does not claim title to the property, nor has he ever paid any rent for its use. He concedes that all of the property which he is occupying lies in the old channel of the Trinity River. In 1950 he tried to buy it from the State of Texas, but was not successful.

The trial court made the following findings of fact: Both appellants are municipal corporations created for the purpose of constructing and maintaining levees and other improvements to reclaim land subject to flood conditions of the Trinity River; the Levee District was organized under and by virtue of Chapter 26, Title 128, R.C.S. 1925, Vernon's Ann.Civ.St. art. 7972; the Flood District under and by virtue of the Acts of the 49th Legislature, 1945, Chapter 355, page 619, its purpose being to control, store, preserve, and distribute flood waters within the boundaries of the Levee District. Appellants prepared, filed, and had approved by the State Board of Water Commissioners a reclamation plan which provides that the old river bed should be used for storage of surplus surface water; the property here involved is within the metes and bounds of the old river bed as described in the plan; it was not used for water storage for many years prior to defendant's occupancy because it is naturally higher, or has been filled in above high water mark; appellants do not claim title to the property other than the right to use it for storage purposes as provided in the reclamation plan; appellee entered upon the land about seven years ago, built improvements on it and used it without objections from appellants until suit was filed.

Based on the above findings, the Court reached these conclusions of law: Appellants are not authorized to maintain trespass to try title since the only claim they assert is the right of possession as distinguished from the right of title; appellants' right of possession had been abandoned by lack of use prior to defendant's entry thereon; fee title to the property is not in appellants or either of them; under the principles of stale demand, estoppel in pais, or laches appellants are not entitled to recover the property.

■ We quote from Rule 783, R.C.P., pertaining to trespass to try title: "The petition shall state: * * * (c) The interest which the plaintiff claims in the premises, whether it be a fee simple or other estate * * * (d) That the plaintiff was in possession of the premises or entitled to such possession." Under this Rule and the repealed statute on which it was based, Art. 7366, appellants were entitled to maintain an action of trespass to try title though they claimed only a right of possession as distinguished from ownership of the fee title. Culpepper v. West, Tex.Civ.App., 110 S.W. 2d 231, 135 Tex. 156, 140 S.W.2d 166. Appellants' fourth point of appeal is sustained.

■ We think the trial court's finding of abandonment is without support in the evidence, and is contrary to statutory law. We quote from Art. 7467b, § 3, R.C.S.: "* * * Wherever an approved plan of reclamation provides that a bed or channel of a river or stream shall be used for the transmission or storage of storm waters, such fact shall be *conclusive evidence that such bed or channel has not been abandoned.*" (Emphasis supplied.) The court found and the undisputed evidence shows that the approved plan of reclamation here involved provides that the old river bed shall be used for the storage of storm waters. We therefore hold that as a matter of law it has not been abandoned. Appellants' fifth and sixth points are sustained.

There is ample evidence in the record that parts of the old river channel have been filled in by persons unknown and have been used as a dump ground at times, but we find no evidence whatever to support the court's finding that the property herein sued for was not used for water storage because it "is naturally higher ground." Appellants' seventh point is sustained.

■ We have read appellee's pleadings several times, but we do not find in them a plea of estoppel. Neither do we find any evidence in the record to support estoppel had it been pled. Anyway, we think that as a matter of law under the undisputed facts presented in this case, the doctrines of estoppel, stale demand, and laches are not available to appellee.

■ Both of the appellants are municipal corporations. In the maintenance and protection of the channel storage area they are acting in their governmental capacities, not in their private, or proprietary capacities. Art. 16, § 59a, Vernon's Ann.St. Const. of Texas; Chicago R. I. & G. R. Co. v. Tarrant County Water Control, etc., 123 Tex. 432, 73 S.W.2d 55. That being true, the exercise of such governmental powers may not be lost to them through estoppel unless they are shown to have benefitted by the transaction. City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308; 30 Tex.Jur. 113, 114; 17 Tex.Jur. 128. In 19 Am.Jur. 820, it is said: " * * * an estoppel is not asserted if such will embarrass a municipality in its capacity as a governing body or operate to prevent it from exercising its police power. Neither a wrongful nor an unauthorized act of a municipal officer or agent estops the municipality. Moreover, error, mistake, or laches on the part of a municipal officer cannot be made the basis of an estoppel against the city if an estoppel will result in impeding the conduct of public affairs by the municipality." See also Jackson v. Nacogdoches County, Tex. Civ.App., 188 S.W.2d 237.

The City and County of Dallas Levee Improvement District has been a party to several lawsuits in which its legal status has been the subject of judicial consideration. In the interest of time and space we shall not discuss the holdings, but shall merely cite the cases: Cox v. City and County of Dallas Levee Imp. Dist., Tex.Civ.App., 258 S.W.2d 851 (writ ref. n. r. e.); Ray v. State, Tex.Civ.App., 153 S.W.2d 660 (ref. w. m.); Sheppard v. City and County of Dallas Levee Dist., Tex.Civ.App., 112 S.W. 2d 253.

■ In our opinion under the undisputed facts in this case appellants are entitled to judgment in their favor for possession of the land in question and for a mandatory injunction requiring appellee to remove whatever obstructions he may have placed on the premises. We therefore sustain appellants' first, second, and third points.

The record discloses that a great part if not all of the dirt fill in the old river bed now occupied by appellee was placed there by other persons than appellee. Appellee constructed the garage building, and from time to time has moved automobiles, automobile parts, and a few other things onto the premises. The mandatory injunction should require him to remove only the buildings and other property which belong to him or which he may have placed on the property himself, or which may have been placed there under his purported authority.

Judgment of the trial court is reversed and judgment is rendered in favor of appellants for possession of the land involved herein, and for a mandatory injunction as above indicated.

## On Motion for Rehearing

We shall not comment separately upon each of the twenty-six alleged points of error presented in appellee's motion for rehearing, but shall discuss the substance of the principal points.

Appellee says that we erred in holding that the Dallas County Flood Control District is a water control and improvement district, hence does not have to give bond on appeal.

Our description of the District is probably faulty in nomenclature. Nevertheless we

believe the District comes within the provisions of Art. 2276a, V.A.C.S. We were guided to this conclusion by the following provisions among others in the statute creating the District as shown in 1953 Supplement to Vol. 21, V.A.C.S., Title 128, Chapter 8 following art. 8197f [1]: "Sec. 1. * * * Such District shall be a governmental agency and body politic and corporate, with the powers of government and with the authority to exercise the * * * functions hereinafter specified * * * including the control, storing, preservation and distribution of its storm and floodwaters and the reclamation and drainage of its overflowed lands. * * * Sec. 6. * * for the purpose of controlling the waters of the Trinity River * * * and its tributaries * * *."

Appellee says that we erred when we stated that appellee moved over onto the adjoining land to the east, which land, as appellee concedes, is entirely within the old river bed and therefore belongs to the State of Texas. It is the land on controversy herein.

Our statement was based not only on the record as a whole but upon the testimony of appellee himself. Here is his testimony as shown by the statement of facts:

"A. When I first started out there I rented a spot from Good Luck Oil Company." (Page 13.)

"* * * Q. Isn't that the adjoining number to you? A. Yes, but the number down there—that is the only way that will get you lost." (Page 14.)

"* * * A. * * * It is between me and Good Luck now, the property I rented was between me and Good Luck.

"Q. It is not the property you occupy now? A. It is not." (Page 15.)

"* * * Q. Now, Roy, since you moved over from—that would be east from where you were occupying there from Good Luck, you moved your building east, is that correct, about 75 feet, or—A. That is right." (Page 29.)

"* * * Q. And all the part that you are occupying there, whatever it is, is wholly within the old channel of the Trinity River? A. Yes, but in the last fifteen years that has always been there where I am at." (Page 105.)

"Q. *Now as a matter of fact, you know in truth and in fact that all of the property which you are occupying is in the old channel of the Trinity River, do you not? A. I sure do.*" (Page 25.) (Emphasis supplied.)

As to our statement that the land belongs to the State of Texas, we do not believe there is any ground for controversy. As pointed out in our main opinion, under the provisions of Art. 7467b, § 3, V.R.C.S., it cannot be held that the old river bed has been abandoned. It follows that the State of Texas still owns title to it. Art. 4026, V.R.C.S.; Ray v. State, Tex.Civ.App., 153 S.W.2d 660 (ref. w. m.). Since there has been no abandonment, the statute relied on by appellee, Art. 7467b, § 1, has no application here. Furthermore, as appellee himself testified, all the land he is occupying lies within the old river bed. He is not shown to be the owner of any land *adjoining* the old river bed. Hence he is in no position to claim the benefits of Art. 7467b, § 1, even if the old river bed had been abandoned.

Appellee takes issue with our statement that the trial court's finding of abandonment is without support in the evidence and contrary to statutory law. Appellee says he is unable to find where the trial court made any such finding.

We must admit that our language was inaccurate. What we had reference to was one of the trial court's conclusions of law. Here it is, as shown on page 27 of the Transcript: "If the plaintiffs or either of them ever had possession of this property it had long since abandoned the same prior to the institution of this suit." We amend our original opinion so that we say: "We think the trial court's *conclusion* of aban-

1. Acts 1945, c. 355, as amended Acts 1951, c. 50.

312

donment is without support in the evidence, and is contrary to statutory law."

Appellee says that he does claim title to the land and that we were wrong in saying he did not. Appellee's pleadings do assert a claim of title. However from his testimony we had the impression that appellee's claim to the land he is occupying was that he had a superior right of possession to the right of possession asserted by appellants. We again quote from his testimony as shown in the statement of facts:

"Q. All right, and state again about when you moved there, four or five years ago? A. Well, I have been in this building that I know of five years.

"Q. About five years; did you put that building there? A. I did." (Page 17.)

"Q. Did you ever rent the property where you are now located? A. No." (Page 16.)

"Q. Have you any sort of deed or conveyance or other instrument showing any title in and to you? A. No." (Page 20.)

"Q. Now, did you try to get that land from the State of Texas at any time, Roy? A. I wrote a letter to Austin, yes.

"Q. Did you have your attorney write a letter down there? A. That is right." (Page 26.)

Appellants do not claim fee title to the old river bed. They say that the fee title is owned by the State of Texas, under whom they claim only a right of possession. The State of Texas is not a party to this suit. However, appellee apparently attacks appellants' claim of a right of possession by attempting to show that the fee title to the land is in himself, not the State of Texas. Therefore we shall discuss appellee's claim of title.

 As a claimant of title, appellee's position is indeed untenable. As we have pointed out, there has been no abandonment nor is appellee shown to be an adjoining landowner; so appellee has no title under

Art. 7467b, § 1, V.R.C.S. Appellee himself says that he holds no deed or other instrument of title. He has not occupied the property long enough to acquire title under our ten-year statute of limitation. And if he had occupied the land for the required length of time, it would not avail him, for title to State lands cannot be acquired by adverse possession. Jackson v. Nacogdoches County, Tex.Civ.App., 188 S.W.2d 237.

Appellee insists that he did plead estoppel and points to the prayer of his pleading: "Wherefore he prays that this plea in abatement be sustained, and pleas of misjoinder, exception, limitations, estoppel, and that the plaintiff take nothing against him * * *." We do not find any allegation setting out the indispensable elements of a parol claim of title by estoppel as laid down by our Supreme Court in Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114 (Syllabi 2 and 5), 15 A.L.R. 216. Appellee does not allege that he paid any consideration to the State of Texas, or to appellants herein for his parol claim of an interest in this land. He does not allege that appellants made any misrepresentation to him, or did anything to him which misled him into changing his position to his hurt.

 Even if we were to accept appellee's pleading as sufficient to allege title by estoppel, it would not avail appellee anything, for such plea finds no support in the evidence. He paid no consideration to the State of Texas or to appellants for his alleged interest in the land. He says that for about five years he occupied the property without objection from appellants. Under the circumstances here present mere failure to object, that is, silence, will not work an estoppel. Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783.

After considering all the points raised in appellee's motion for rehearing we have concluded that the motion should be overruled.

Motion for rehearing overruled.