Larry Lee CHRISTIANSEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 57187.

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 3, 1979.

Ralph Taite, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Stephen J. Wilensky and Les S. Eubanks, Jr., Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for the offense of theft. V.T.C.A.Penal Code, Sec. 31.03(d)(4)(A). Punishment, enhanced by proof of one prior felony conviction, was assessed by the jury at 20 years and a $10,000 fine. V.T.C.A.Penal Code, Sec. 12.-42(a).

Initially the appellant challenges the sufficiency of the evidence to support the conviction.

Bobby Rose testified that he was an employee of the First National Bank in Dallas and custodian of the records of appellant's checking account. He testified that the records reflected that appellant opened a checking account on January 9, 1976, with an initial $100 deposit. No further deposits were made. On February 3, 1976, the account was closed. On cross-examination, Rose was closely questioned over whether the records reflected actual notice of the closing of the account to the appellant. On re-direct examination, he testified that a $4.00 charge was made against the account each time an insufficient funds check was returned by the bank. Over objection, Rose testified that as of February 3, 1976, the date the account was closed, 72 insufficient check charges had been made against the account.

Kathy Purcell, a checker at a Safeway store in Dallas, testified that on February 8, 1976, the appellant presented a check drawn on First National Bank in Dallas in the amount of $241.80 in exchange for four money orders. She further testified that the check was returned with the notation "returned not paid account closed."

The appellant contends that the evidence is insufficient to support the conviction in that the property over which he exercised control, four money orders, was not proven to have any value. His argument is based upon the theory that there was no proof that the money orders were in fact cashed. V.T.C.A.Penal Code, Sec. 31.01(6), defines property as including "a document, including money, that represents or embodies anything of value." It is clear that under the statutory definition the value of the money orders was their face amount ($240). Cf. *Cooper v. State*, 509 S.W.2d 865 (Tex.Cr. App.1974). The evidence is sufficient to support the conviction.

Appellant next argues that "the State having failed to prove a value proved the defendant guilty of theft by check [V.T. C.A.Penal Code Sec. 32.41]." The record does reflect that appellant properly requested a charge on the lesser included offense of issuance of a bad check under Sec. 32.41, supra. The key distinction between the offense of theft under V.T.C.A.Penal Code, Sec. 31.03, and the offense of issuance of a bad check under V.T.C.A.Penal Code, Sec. 32.41, is whether the defendant in fact receives any property. Receipt of property and proof of its value are critical elements in the offense of theft. They are, however, not required to prove issuance of a bad check. Although issuance of a bad check, a Class C misdemeanor, may under some circumstances be a lesser included offense of theft, there is nothing in the evidence before us to have required the trial court to

have submitted the charge on the lesser included offense. Art. 37.09, V.A.C.C.P.; *Hazel v. State,* 534 S.W.2d 698 (Tex.Cr.App. 1976); *Day v. State,* 532 S.W.2d 302 (Tex. Cr.App.1976).

■■■ Appellant next contends that the trial court erred in allowing evidence of extraneous offenses. The appellant properly objected to the testimony elicited from Rose that when appellant's account was closed on February 3, 1976, the record reflected that there had been 72 charges made for insufficient funds checks.

It is well established that an accused may not be tried for some collateral crime or for being a criminal generally. *Hines v. State,* 571 S.W.2d 322 (Tex.Cr.App.1978); *Cameron v. State,* 530 S.W.2d 841 (Tex.Cr.App. 1976); *Halliburton v. State,* 528 S.W.2d 216 (Tex.Cr.App.1975). The well-known exceptions to the general rule against extraneous offenses were set forth in *Hines v. State,* supra, where this Court quoted from *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App. 1972), as follows:

" 'Evidence of extraneous offenses committed by the accused has been held admissible: (1) To show the context in which the criminal act occurred—what has been termed the "res gestae"—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. (2) To circumstantially prove identity where the state lacks direct evidence on this issue. (3) To prove scienter, where intent or guilty knowledge is an essential element of the state's case and cannot be inferred from the act itself. (4) To prove malice or state of mind, when malice is an essential element of the state's case and cannot be inferred from the criminal act. (5) To show the accused's motive, particularly where the commission of the offense at bar is either conditioned upon the commission of the extraneous offense or is a part of a continuing plan or scheme of which the crime on trial is also a part. (6) To refute a defensive theory raised by the accused.' [Footnotes omitted.]"

In the instant case, the State was required to prove that the appellant intended to deprive the owner of the property. V.T.C.A. Penal Code, Sec. 31.03(a). Although V.T.C.A.Penal Code, Sec. 31.06, provides that this intent may be presumed when the defendant obtains the property by issuing a check without sufficient funds, Subsection (d) specifically provides: "Nothing in this section prevents the prosecution from establishing the requisite intent by direct evidence." The trial court did not err in allowing testimony about the 72 other insufficient funds checks.

■■■ Appellant next argues that V.T.C.A. Penal Code, Sec. 32.41, issuance of a bad check, is a special statute that controls over the general theft statute, V.T.C.A.Penal Code, Sec. 31.03. As stated above, issuance of a bad check may under some circumstances be a lesser included offense of theft where the State fails to prove that the defendant obtained property or fails to prove its value. It is not, however, a special statute that encompasses all theft by check type offenses. See and compare *Jones v. State,* 552 S.W.2d 836 (Tex.Cr.App. 1977), with *Alejos v. State,* 555 S.W.2d 444 (Tex.Cr.App.1977) (Opinion on State's Motion for Rehearing).

■■■ The appellant in a pro se ground of error makes a generalized attack on V.T. C.A.Penal Code, Secs. 31.03 and 31.06, by contending that they are "so deeply blended and dependent upon one another that without 31.06 there is no such charge as 'THEFT—PASSING WORTHLESS CHECK.' " This contention is patently without merit. V.T.C.A.Penal Code, Sec. 31.06, merely codifies a presumption which the State may in appropriate cases rely on in proving a theft offense. Many times, as in the instant case, there will be evidence to demonstrate a defendant's intent without exclusive reliance on the presumption contained in V.T.C.A.Penal Code, Sec. 31.06. The appellant pro se also advances a similar argument to that presented by his counsel above that there is an irreconcilable conflict

between V.T.C.A.Penal Code, Sec. 31.03 and V.T.C.A.Penal Code, Sec. 32.41. For the reasons stated above, we find this contention to likewise be without merit.

■ The appellant pro se next contends that he was the victim of vindictive reindictment by the prosecutor when he refused to enter a plea of guilty. This contention, even if factually true, is without merit. *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *Cowan v. State*, 562 S.W.2d 236 (Tex.Cr.App.1978).

■ Appellant pro se next contends that evidence of prior convictions not alleged in the information were introduced at the punishment phase of the trial. The record reflects that the information originally charged the appellant with the commission of two prior felony offenses and sought to invoke the provisions of V.T.C.A.Penal Code, Sec. 12.42(d), which could have resulted in an automatic life sentence. The State dismissed the third count of the information and punishment was assessed in accordance with V.T.C.A.Penal Code, Sec. 12.42(a). The appellant's complaint that evidence of other felony convictions not alleged in the information were introduced at the punishment stage of the trial is without merit. Article 37.07, V.A.C.C.P., specifically provides that the prior criminal record of a defendant is admissible at the punishment phase of the trial.

■ The appellant pro se next contends that he should not have been tried on a felony information. The record reflects that appellant waived his right to indictment and agreed to proceed to trial on a felony information. We have reviewed the waiver and find it fully complies with Art. 1.141, V.A.C.C.P. *King v. State*, 473 S.W.2d 43 (Tex.Cr.App.1972). No error is shown.

■ Appellant pro se next argues that the trial court had no jurisdiction because he was at the time of the offense working as a "federal" agent investigating the pornography business. The record of petitioner's trial is devoid of any information to factually support this contention. Assuming, arguendo, that the appellant was some

sort of "special employee" of a federal law enforcement agency, such fact standing alone would not exempt him from prosecution for violation of the penal laws of this state.

■ The appellant pro se finally contends that both the defense counsel and the prosecutor suppressed vital evidence. The appellant argues that the fact that he was working as a special employee for a federal law enforcement agency was "suppressed" and therefore violative of the holding of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Assuming that the appellant could factually support his contention that he was an "employee" of a federal investigative agency, such evidence would not be material to the instant case under the teachings of *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), since it is clear that the omitted evidence does not create a reasonable doubt as to the appellant's guilt which does not otherwise exist.

The judgment is affirmed.