**BOARD OF TRUSTEES OF the CITY OF EAGLE PASS WATER WORKS SYSTEM et al., Relators,**

v.

**DEER RUN PROPERTIES, INC., et al., Respondents.**

No. 16815.

Court of Civil Appeals of Texas, San Antonio.

April 10, 1981.

Harvey L. Hardy, San Antonio, John W. Claybrook, Eagle Pass, for relators.

John W. Davidson, Sawtelle, Goode, Davidson & Troilo, E. S. Prashner, Ertel & Prashner, San Antonio, for respondents.

OPINION

CADENA, Chief Justice.

Relators, Board of Trustees of the City of Eagle Pass Water Works System and the members of such Board of Trustees (Board), are the appellants in Cause No. 16,816, styled *Board of Trustees of the City of Eagle Pass Water Works System et al. v. Deer Run Properties, Inc., et al.*, now pending in this court. Relators seek to prevent respondents, Deer Run Properties, Inc., (Deer Run), and the City of Eagle Pass (City), appellees in Cause No. 16,816, from taking any action resulting in the connection of a subdivision owned by Deer Run onto the water system operated by the Board for the purpose of supplying such subdivision with service from the City of Eagle Pass Water Works System, alleging that such connection, if accomplished, would render relators' appeal in Cause No. 16,816 moot, thus destroying the jurisdiction of this court to dispose of such appeal on the merits.

The underlying litigation, resulting in the judgment which is on appeal before this court in Cause No. 16,816, began when Frontier Implement Company (Frontier) filed suit to compel the City and the Board to provide water service to its property. In response to such suit, the City filed pleadings which included a cross-action against the Board and its members seeking to compel the Board to furnish water in accordance with an ordinance previously passed by the City.

Deer Run then filed its petition in intervention, asserting that it had an interest in the City's complaint against the Board and adopting the allegations in certain paragraphs of the City's complaint against the Board. This pleading sought a mandatory order commanding the Board to furnish water to land owned by Deer Run. Deer Run sought no relief against the City.

The Board's pleadings, in addition to alleging matters in defense to the claims filed against it by Frontier, Deer Run and the City, sought a declaratory judgment pronouncing that under applicable state statutes, the City Charter and the "indenture ordinance" embodying the agreement between the City and purchasers of the City's water bonds, it was charged with the responsibility of operating the City of Eagle Pass Water Works System and that ordinances adopted by the City Council ordering the Board to furnish water service were invalid. The Board opposed all demands that it furnish water to Frontier and Deer Run. With reference to the prayer for declaratory judgment, the Board's complaints were directed at Frontier, Deer Run and the City.

Frontier was granted the right to take a non-suit of its case against the Board and City.

At this point, insofar as relevant to this proceeding and Cause No. 16,816, the situation was as follows:

(1) Deer Run was complaining solely of the Board's action in refusing to furnish water to its subdivision and seeking judgment against the Board ordering the Board to furnish water service. Deer Run sought no relief against the City.

(2) The City, seeking no relief, and making no claim, against Deer Run, complained solely of the Board and sought judgment ordering the Board to furnish water to customers, including Deer Run, as required by the City's ordinances.

(3) The Board, opposing the demands of Deer Run and the City that it extend its lines, sought relief against both Deer Run and the City in the form of a judgment declaring that the Board had the sole right to manage the water system and make decisions concerning the furnishing of service and the extension of its lines.

On the day set for trial, the court opened the hearing by saying that, in his opinion, the Board and its members were not proper parties to the suit, since the Board was merely the agent of the City and could not sue or be sued. He added that the claims for relief should be made in a suit in which the City was defendant, and said that if "some lawyer" filed a plea in abatement he would consider it.

After some discussion, the attorney for the City orally moved that the Board and its members be dismissed from the case. This motion was granted. Counsel for Deer Run then pointed out that Deer Run was left in the case as a plaintiff with no defendant, since Deer Run sought no relief against the City. Counsel for the City then announced that the City agreed that Deer Run's pleadings against the Board would "apply against the city." He added that Deer Run was entitled to water and he then confessed judgment.

A final judgment was signed, disposing of all issues and ordering the City to furnish water to Deer Run. It is from this judgment, which includes a recital of the dismissal of the Board from the suit, that the Board is appealing in our Cause No. 16,816.

Respondents, appellees in No. 16,816, assert that the jurisdiction of this court has not attached because the Board and its members have not filed an appeal bond. The Board and its members urge that they are exempt, under the provisions of Article 1174, Tex.Rev.Civ.Stat.Ann. (Vernon 1963), which provides that cities need not give such security. The Board and its members timely filed written notice of appeal and urge that such action perfected their appeal under Rule 356(c) of the Texas Rules of Civil Procedure, which provides that an appellant exempt from the appeal bond requirement perfects his appeal by giving notice of appeal.

The water works board of trustees was created under Article 1115, Tex.Rev.Civ. Stat.Ann. (Vernon 1963), which expressly authorizes placement of the management and control of an encumbered municipal water system in the hands of a board of trustees, and provides that the powers and duties of such trustees may be specified in the contract of encumbrance.

The ordinance embodying the contract of encumbrance grants the Board the right to manage and control the water system and expressly authorizes the Board to sue and be sued.

It is clear that the applicable statutes, as well as the provisions of the charter of the City of Eagle Pass, manifest a purpose, "in creating the special Board, to remove the operation of the Water Works System . . . from the influence and control of the city governing body, and to free its operations from the vicissitudes of political control or manipulation." *San Antonio Independent School District v. Water Works Board of Trustees*, 120 S.W.2d 861, 865–66 (Tex.Civ. App.—Beaumont 1938, writ ref'd). "The Board, . . . within its limited field of operation is as certainly the agent of the City . . . as the city council and other existing agencies of the municipality." *Id.* at 865. In adopting regulations concerning water main extensions, the "Board . . . exercised its legislative or governmental power . . . ." *Crownhill Homes, Inc. v. City of San Antonio*, 433 S.W.2d 448, 459 (Tex.Civ.App.— Corpus Christi 1968, writ ref'd n.r.e.).

In *Board of Adjustment of the City of Fort Worth v. Stovall,* 147 Tex. 366, 216 S.W.2d 171, 174–75 (1949), the Supreme Court held that Article 1174 should be given a "liberal" construction, and concluded that a municipal board of adjustment, being a governmental agency of a municipality, is not required to file an appeal bond. *See also, Andricks v. Schaefer,* 279 S.W.2d 421 (Tex.Civ.App.—San Antonio 1955, no writ), holding that a municipal planning commission was not required to file an appeal bond.

Deer Run and the City insist that cases involving a board of adjustment and a planning commission are not applicable because such agencies are created by state statute rather than by municipal ordinance. The proposed distinction is without merit. In *Stovall,* the Supreme Court said the "Board of Adjustment is created by ordinance of the City of Fort Worth under authority granted by Article 1011g and the city charter, and it is a governmental agency of the city." 216 S.W.2d at 174. Similarly, the Water Board of the City of Eagle Pass was created under authority granted by Article 1115 and the city charter, and the Texas decisions clearly established that it is a governmental agency of the City.

■ We conclude that the Board and its members are not required to file an appeal bond and that the appeal in our Cause No. 16,816 was perfected when proper notice of appeal was timely given.

■ It is apparent that if Deer Run and the City of Eagle Pass in fact extend the water mains to Deer Run Subdivision and connect the more than 700 lots in such system to the Eagle Pass Water Works System, our decision in Cause No. 16,816, as to the correctness of the order dismissing relators from the litigation involving the right of Deer Run to such extensions and connections will be meaningless and the subject matter of such appeal will be effectively destroyed.

Relators' application for a temporary injunction pending disposition of the appeal in our Cause No. 16,816 is granted for the purpose of protecting our jurisdiction.

Deer Run Properties, Inc., its officers, agents, servants and employees, and the City of Eagle Pass, Texas, its officers, agents, servants and employees are enjoined from taking any action, singly or in concert, resulting in the extension of the present water mains of the Eagle Pass Water Works System to the lots in Deer Run Subdivision or the connection of the lots in such subdivision to the mains of such Water System until final disposition of the appeal in Cause No. 16,816, styled *Board of Trustees of the City of Eagle Pass Water Works System et al., v. Deer Run Properties, Inc., et al.* Relators are not required to post an injunction bond. *See* Articles 1174 and 2072, Tex.Rev.Civ.Stat.Ann.

The submission of Cause No. 16,816 will be advanced. *See* Tex.R.Civ.P. 414. The statement of facts now on file in this court as part of the record in this case is ordered filed as the statement of facts in our Cause No. 16,816. Appellants in Cause No. 16,816 shall file their briefs in this court no later than 5 p. m., April 23, 1981. Appellees in such case shall file their briefs in this court no later than 5 p. m., May 4, 1981. Cause No. 16,816 is set for submission and oral argument at 9 a. m., Wednesday, May 6, 1981.