**DALLAS COUNTY APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Appellants,**

v.

**INSTITUTE FOR AEROBICS RESEARCH, Appellee.**

No. 05-86-00883-CV.

Court of Appeals of Texas, Dallas.

June 4, 1987.

Rehearing Denied July 24, 1987.

Peter G. Smith, Roy L. Armstrong, Dallas, for appellants.

B. Prater Monning, III, Dallas, for appellee.

Before STEPHENS, McCLUNG and LAGARDE, JJ.

McCLUNG, Justice.

This is an ad valorem tax case. Appellants, Dallas County Appraisal District and Dallas County Appraisal Review Board, appeal from a summary judgment granted appellee, Institute for Aerobics Research, in appellee's suit seeking exemption from ad valorem taxation under section 11.23(h) of the Property Tax Code. The threshold question before us is whether we have jurisdiction over this appeal. We conclude that we do not and dismiss the appeal for want of jurisdiction.

Appellants failed to file the cost bonds, i.e., appeal bonds required by the Texas Rules of Appellate Procedure, rule 40. Appellants contend that because section 42.28 of the Property Tax Code specifically exempts the chief appraiser from filing an appeal bond, then the Dallas County Appraisal District is also exempt. Appellants claim that since the chief appraiser is exempt and he is the chief administrator of the appraisal district, who acts on behalf of the district, then section 42.28 implicitly exempts the appraisal district from filing an appeal bond. If the Dallas County Appraisal District is exempt from filing an appeal bond then its Appraisal Review Board would be exempt as well. This is because a governmental board of an entity exempted from filing an appeal bond is also so exempted. *Board of Adjustment of City of Fort Worth v. Stovall*, 147 Tex. 366, 216 S.W.2d 171, 174–75 (1949).

Appellants mistakenly assert that we interpreted section 42.28 as exempting appraisal districts and review boards from filing appeal bonds in *Plano I.S.D. v. Oake*, 682 S.W.2d 359 (Tex.App.—Dallas 1984), *rev'd on other grounds*, 692 S.W.2d 454 (Tex.1985). As we recognized in *Oake*, the 42.28 exemptions only pertain to appeals from adverse judgments in proceedings initiated as a petition for review with the district court under section 42.21(a) of the Property Tax Code. The appeal in *Oake*

was not pursuant to section 42.21(a) of the Property Tax Code so we did not have before us nor did we address the question squarely before us today; that is, does section 42.28 exempt an appraisal district from having to file an appeal bond in appeals pursuant to section 42.21(a) of the Property Tax Code? We hold that it does not.

Section 42.28 provides:

A party may appeal the final judgment of the district court as provided by law for appeal of civil suits generally, except that an appeal bond is not required of the chief appraiser, the county, the State Property Tax Board, or the commissioners court.

An appraisal district is not one of the entities mentioned in the statute as being exempt from filing an appeal bond.

It is a settled rule of statutory construction that the express mention or enumeration of one person, thing, consequence or class is equivalent to an express exclusion of all others. *State v. Mauritz-Wells Co.*, 141 Tex. 634, 175 S.W.2d 238, 241 (1943); *Woodruff v. City of Laredo*, 686 S.W.2d 692, 695 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Texas Real Estate Commission v. Century 21 Security Realty, Inc.*, 598 S.W.2d 920, 922 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.). As the statute specifically names those of whom an appeal bond is not required it seems clear that any party not named would not fall under the protection of the statute. *Cf. McCalla v. State Farm Mutual Automobile Insurance Company*, 704 S.W.2d 518, 519 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). It is urged that the legislature must have meant to exclude appraisal districts from the requirement of filing an appeal bond. If this is so, it is not reflected in the statute adopted. Courts are not responsible for omissions in legislation but only for giving a true and fair interpretation of the statutes as written, which means an interpretation which is not forced or strained but one that the ordinary meaning of the words of the statute will fairly sanction and clearly sustain. *Railroad Commission of Texas*

*v. Miller,* 434 S.W.2d 670, 672 (Tex.1968); *City of Port Arthur v. Tillman,* 398 S.W.2d 750, 752 (Tex.1965); *Texas Highway Commission v. El Paso Building and Construction Trades Council,* 149 Tex. 457, 234 S.W.2d 857, 863 (1950); *Commissioner's Court of Caldwell County v. Criminal District Attorney Caldwell County,* 690 S.W.2d 932, 936 (Tex.App.—Austin 1985, writ ref'd n.r.e.). If the legislature meant to exempt appraisal districts from having to file an appeal bond under section 42.28 of the Property Tax Code, it is free to amend the statute to reflect that desire. We hold that under 42.28, as written, an appraisal district is not exempt from having to file an appeal bond. Consequently, we dismiss this appeal for want of jurisdiction.