DALLAS COUNTY APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Petitioners,

v.

INSTITUTE FOR AEROBICS RESEARCH, Respondent.

No. C–6750.

Supreme Court of Texas.

June 15, 1988.

Rehearing Denied July 13, 1988.

Pete G. Smith, Sallinger, Nicholas, Jackson Kirk & Dillard, Dallas, and Roy L. Armstrong, McCreary, Veselka, Beck & Allen, Austin, for petitioners.

B. Prater Monning, Gardere & Wynne, Dallas, for respondent.

OPINION

GONZALEZ, Justice.

This is an ad valorem tax case in which the Institute for Aerobics Research (the

Institute), has sued for an exemption from taxation under section 11.23(h) of the Property Tax Code. On motion for summary judgment, the trial court granted the Institute an exemption from ad valorem taxation. The Dallas County Appraisal District and the Dallas County Appraisal Review Board (petitioners) appealed. The court of appeals dismissed the appeal for want of jurisdiction on the basis that the petitioners did not file an appeal bond. 732 S.W.2d 735. We reverse the judgment of the court of appeals and remand the cause to that court.

█ Rules 40 and 46 of the Texas Rules of Appellate Procedure require that every appellant file an appeal bond "unless excused by law." The petitioners assert that the Texas Property Tax Code provides such an excuse. We will address the status of each of the two petitioners separately, considering the arguments as they pertain to the appraisal district first.

The petitioners assert that section 42.28 of the Property Tax Code excuses the appraisal district from the requirement of filing an appeal bond. Section 42.28 states:

A party may appeal the final judgment of the district court as provided by law for appeal of civil suits generally, except that an appeal bond is not required of the chief appraiser, the county, the State Property Tax Board, or the commissioners court.

Section 42.28 does not expressly include appraisal districts in its list of parties exempted from filing cost bonds in the court of appeals. Nevertheless, the petitioners contend that the exemption of the chief appraiser implicitly exempts the appraisal district as well. We need not decide the correctness of this contention, for we hold that the exemption of the county implicitly exempts the appraisal district.

This court has held that the governmental agency of an entity which is excused by law from the requirement of filing an appeal bond is itself excused. *Board of Adjustment v. Stovall*, 147 Tex. 366, 216 S.W. 2d 171, 174 (1949); *Teacher Retirement*

*System v. Duckworth*, 153 Tex. 141, 264 S.W.2d 98 (1954), *aff'g*, 153 Tex. 141, 260 S.W.2d 632 (1953). *See also City and County of Dallas Levee Improvements Dist. v. Carroll*, 263 S.W.2d 307, 308 (Tex. Civ.App.—Dallas 1953, writ ref'd n.r.e.). Because the appraisal district is a governmental agent of the county for purposes of appraising property for ad valorem taxation, we hold that the exemption granted by the legislature to the counties of this state from filing an appeal bond inures to their appraisal districts as well.

No purpose would be served by requiring an appraisal district to file appeal bonds. As a political subdivision, an appraisal district is funded by tax dollars, and no doubt exists concerning its ability to pay any cost that might legally be assessed against it.[1] It would be rather incongruous to exempt the county from the requirement of filing an appeal bond, but then to hold that the legal entity through which the county performs its governmental function must itself post an appeal bond. The undesirable state of having public funds tied up in litigation militates against such a holding.

█ Having determined that the appraisal district is excused from filing an appeal bond, we next decide whether the appraisal review board is likewise exempt. Texas courts have held that when a political subdivision or governmental entity is exempt from filing an appeal bond, its governmental board is also exempt. *Board of Adjustment v. Stovall*, 216 S.W.2d at 174; *Board of Trustees v. Deer Run Properties, Inc.*, 616 S.W.2d 337, 339–40 (Tex.Civ.App.—San Antonio 1981, no writ). The Dallas County Appraisal Review Board performs a governmental function as the appraisal district's Board of Equalization. Its members are appointed by the appraisal district. Tex.Prop.Tax Code Ann. § 6.41 (Vernon 1982). Furthermore, the policy reasons expressed above for granting the appraisal district an exemption from filing an appeal bond apply with equal force to its appraisal

1. The Property Tax Code has specifically recognized that "[a]n appraisal district is a political subdivision of the state." Tex.Prop.Tax Code Ann. § 6.01(c) (Vernon 1982).

review board. Accordingly, the review board acquires the same legal status as the appraisal district for purposes of filing an appeal bond.

For these reasons, we hold that the petitioners are exempt from filing an appeal bond. The judgment of the court of appeals is reversed and the cause is remanded to the court of appeals for consideration of the other points of error.

ROBERTSON, J., dissents.

KILGARLIN, J., files a dissenting opinion in which PHILLIPS, C.J., and WALLACE, J., join.

ROBERTSON, Justice, dissenting.

The majority concludes that the appraisal district and the appraisal review board need not file an appeal bond pursuant to section 42.28 of the Texas Property Tax Code. Because the majority ignores a settled principle of law in the area of statutory construction, I respectfully dissent.

The statute in question could not be clearer. In the context of appealing a district court's judgment on property tax matters, the legislature plainly states that there are only four (4) instances when an appeal bond is not required. In weaving an intricate web of legal implications and presumptions to support its conclusion, the majority blinks away a settled principle of statutory construction—*Expressio unius est exclusio alterius.* In other words, when a statute enumerates one or more persons or entities, it is considered to exclude persons or entities not specifically enumerated. As stated by this court:

> The rule expressio unius est exclusio alterius is a sound one, frequently applied in the construction of statutes, and is applicable [to this case]. The inclusion of the specific limitation excludes all others.

*Harris County v. Crooker,* 112 Tex. 450, 458, 248 S.W. 652, 655 (1923); *see also State v. Mauritz-Wells Co.,* 141 Tex. 634, 639, 175 S.W.2d 238, 241 (1943).

Inasmuch as the statute in question specifically lists the four (4) instances when an appeal bond is not required, I would like-

wise hold, as did the court of appeals, that the statute expressly excludes the appraisal review board and the appraisal district. For this reason, I dissent from the majority's disposition of this case.

KILGARLIN, Justice, dissenting.

I join in Justice Robertson's dissenting opinion but write separately to amplify my disagreement with the court. Section 42.28 of the Property Tax Code only exempts "the chief appraiser, the county, the State Property Tax Board, or the commissioners court" from ordinary security requirements under Tex.R.App.P. 40 and 46. The legislature provided no exemption for appraisal districts and appraisal review boards, and the court should not inject its own notions of "policy" in contravention of the clear language of the statute.

In an effort to circumvent the clear legislative delineation of those "excused by law" from filing an appeal bond, the court pronounces an appraisal district to be a "governmental agent of the county." 751 S.W.2d at 861. This the court does with complete aplomb even though it subsequently acknowledges by footnote that Tex.Prop.Tax Code Ann. § 6.01(c) makes an appraisal district "a political subdivision of the state."

To say that an appraisal district is the agent of the county is to totally ignore section 6.03(c) of the Code. That section provides that the five-member board of directors of the district is appointed by the governing bodies of the incorporated cities and towns and of the school districts participating in the appraisal district. If anyone's agent, the appraisal district would logically be the agent of the municipalities and school districts.

The Property Tax Code provides many indications that the legislature understood and intended that only those persons and entities listed in section 42.28 would be exempt from filing appeal bonds. This can be seen in the numerous and precise code references to various persons and entities. For example, under §§ 42.031 and 1.04(12), the county as a taxing unit is entitled to

appeal an order of the appraisal review board determining a challenge by the county. Under § 42.03, a county may appeal certain orders of the State Property Tax Board. Under § 42.02, the chief appraiser is entitled to appeal certain orders of the appraisal review board if he has written approval of the appraisal district board of directors. Sections 6.01 and 6.41 specifically establish and define appraisal districts and appraisal review boards.

In light of the statutory scheme as a whole and its precise references to various persons and entities, I conclude that the legislature intended only those parties specifically listed in section 42.28 to be exempt from filing an appeal bond. No appeal was perfected under Tex.R.App.P. 40(a)(1), and I would therefore affirm the court of appeals' judgment of dismissal. Any incongruities created by section 42.28 are matters for legislative, not judicial, correction. I accordingly dissent from the court's decision to remand this cause to the court of appeals.

PHILLIPS, C.J., and WALLACE, J., join in this dissenting opinion.