### DALLAS COUNTY BAIL BOND BOARD, Appellant,

v.

### Danny MASON, Appellee.

### No. 05–88–00495–CV.

Court of Appeals of Texas, Dallas.

April 20, 1989.

Sylvia L. Blake, Dallas, for appellant.

John Nation, Dallas, for appellee.

Before HOWELL, LAGARDE and WHITTINGTON, JJ.

LAGARDE, Justice.

In this cause involving the issuance of a bail bond license, appellant, Dallas County Bail Bond Board (Board), appeals from a summary judgment in favor of appellee, Danny Mason (Mason). At the trial court level, the Board alleged that Mason was disqualified from holding a bail bond license since he had been convicted for issuance of a bad check on three separate occasions. In a single point of error, the Board now alleges that the trial court erred in finding that the offense of issuance of a bad check was not an offense involving moral turpitude and that the trial court erred in finding that a Class C Misdemeanor imposes no legal disability on Mason. In a single cross-point, Mason claims that this Court does not have jurisdiction over this case since the Board did not file a cost bond and is not exempt from filing a cost bond. We hold that this Court does have jurisdiction over this case, and we further hold that issuance of a bad check is not a crime involving moral turpitude. Consequently, we affirm the trial court's judgment.

The facts in this case show that Mason applied for a bail bond license from the Board. In an administrative decision, the Board denied Mason's application for a license. Mason then filed an Application for Temporary Restraining Order and a Temporary and Permanent Injunction. The trial court issued a temporary restraining order and scheduled a hearing on the Application for Temporary Injunction. Both parties filed motions for summary judgment. The trial court granted Mason's motion for summary judgment and ordered the Board to issue a bail bond license to Mason. The Board filed a notice of appeal claiming that it was exempt from the requirements of cost and appeal bonds. With these facts in mind, we first address the jurisdictional issue.

## JURISDICTION

Before considering the Board's sole point of error, we must first address the question of whether this Court has jurisdiction to hear this appeal. In pertinent part, section 6.001 of the Texas Civil Practice and Remedies Code states:

§ 6.001. State and Federal Agencies Exempt From Bond for Court Costs or Appeal

(a) A governmental entity or officer listed in Subsection (b) may not be required to file a bond for court costs incident to a suit filed by the entity or officer or for an appeal or writ of error taken out by the entity or officer and is not required to give a surety for the issuance of a bond to take out a writ of attachment, writ of sequestration, distress warrant, or writ of garnishment in a civil suit.

(b) The following are exempt from the bond requirements:

(1) this state;

(2) a department of this state;

(3) the head of a department of this state;

(4) *a county of this state;*

(5) the Federal Housing Administration;

(6) the Federal National Mortgage Association;

(7) The Government National Mortgage Association;

(8) The Veterans' Administration;

(9) the administrator of veterans affairs;

(10) any national mortgage savings and loan insurance corporation created by an act of congress as a national relief organization that operates on a statewide basis; and

(11) the Federal Deposit Insurance Corporation in its capacity as receiver or in its corporate capacity.

(emphasis added). The emphasized language, "a county of this state," is particularly important. This case involves not a county but a county board. The Texas Supreme Court has recently held that the governmental agency of an entity which is excused by law from the requirement of filing an appeal bond is itself excused. *See Dallas County Appraisal District v. Institute for Aerobics Research*, 751 S.W.2d 860, 861 (Tex.1988).

The court elaborated on the policy rationale of this decision:

It would be rather incongruous to exempt the county from the requirement of filing an appeal bond, but then to hold that the legal entity through which the county performs its governmental function must itself post an appeal bond.

*Id.* Thus, while *Aerobics* involves a different statutory exemption,[1] we read *Aerobics* as establishing a general rule that boards and agencies of counties will be exempt from filing appeal bonds if the statutory authority states that the "county" is exempt. If not for the clear language of the majority opinion in *Aerobics*, we would be inclined to agree with the dissent in *Aerobics, i.e.*, that the settled principle of *ex-*

1. *Aerobics* involved section 42.28 of the Property Tax Code which states: "A party may appeal the final judgment of the district court as provided by law for appeal of civil suits generally, except that an appeal bond is not required of the chief appraiser, *the county*, the State Property Tax Board, or the Commissioners Court." TEX.TAX CODE ANN. § 42.28 (Vernon 1982) (emphasis added).

*pressio unius est exclusio alterius* applies. *Aerobics,* 751 S.W.2d at 862 (Robertson, J., dissenting). In other words, when a statute enumerates one or more persons or entities, it is considered to exclude persons or entities not specifically enumerated. *Id.* However, as a result of the unambiguous language of the majority opinion in *Aerobics,* we hold that the Board's notice of appeal is sufficient to invoke the jurisdiction of this court.

We now turn to the merits.

### ISSUANCE OF A BAD CHECK

■ In its single point of error, the Board asserts that the trial court erred in finding that the offense of issuance of a bad check did not involve moral turpitude.[2] Section 32.41(a) of the Texas Penal Code sets out the offense of issuance of a bad check. It reads, in pertinent part:

> A person commits an offense if he issues or passes a check or similar sight order for the payment of money knowing the issuer does not have sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order as well as all other checks or orders outstanding at the time of issuance.

TEX.PENAL CODE ANN. § 32.41(a) (Vernon 1974).

In reaching our determination that the offense set out above does not involve moral turpitude, the key factor we note is that the offense does not contain the element of intent to defraud, although it does require knowledge of insufficiency of funds. Effective June 18, 1987, the Texas Legislature added subsection (g) to section 32.41. Subsection (g) provides that "[a]n offense under this section is not a lesser included offense of an offense under section 31.03 or 31.04 of this code." Section 31.03 is the offense of theft of property, and section 31.04 is the offense of theft of service. Subsection (g) clears up prior confusion over the question of if and when the issuance of a bad check could be a lesser included offense of theft.

The original practice commentary to 32.-41 stated that if the recipient of a check was defrauded, the issuance of a bad check would constitute a lesser included offense of theft under article 37.09 of the Texas Code of Criminal Procedure. In apparent reliance on this vague commentary, the Court of Criminal Appeals had stated, in dictum, that in some circumstances issuance of a bad check *may* be a lesser included offense of theft. *Christiansen v. State,* 575 S.W.2d 42, 44 (Tex.Crim.App. 1979). It is important, however, to note that the court in *Christiansen* did not state that issuance of a bad check *was* a lesser included offense of theft but only that under certain circumstances it *may* be. *Id.* Indeed, even the practice commentary limited the instances in which a 32.41 offense would be a lesser included offense of theft to the situation where the recipient was in fact defrauded. Apparently in an attempt to clarify this matter, the Legislature adopted subsection (g) which expressly states that a section 32.41 offense is not a lesser included offense of theft.

In this case, there is no showing, by either allegation or proof, that Mason's three convictions for issuance of a bad check involved the intent to defraud or that the trial court convicted Mason on a lesser included offense of theft. Consequently, there is no showing that Mason was convicted of any crime involving an intent to defraud or an intent to deprive the owner of property.

If an offense lacks an element of fraud, larceny, or criminal intent, it is not a crime involving moral turpitude. *U.S. v. Smith,* 420 F.2d 428, 432 (5th Cir.1970); *see also U.S. v. Day,* 16 F.2d 328, 329 (D.N.Y.1926). Consequently, since the offense of issuance of a bad check does not contain the element

2. As authority for this contention, Board cites *Pfeffer v. State,* 683 S.W.2d 64 (Tex.App.—Amarillo 1985, pet. denied). *Pfeffer* is completely distinguishable from the instant case. This case involves a Class C Misdemeanor of issuance of a bad check, TEX.PENAL CODE ANN. § 32.41(a) (Vernon 1974), and *Pfeffer* involved a Class C Misdemeanor offense of theft under $20.00. TEX.PENAL CODE ANN. § 31.03 (Vernon 1974). This case should not be read as approving or disapproving *Pfeffer.*

of intent to defraud, it is not a crime involving moral turpitude. *See U.S. v. Livingston,* 816 F.2d 184, 190 (5th Cir.1987); *see also Petty v. Ideco,* 761 F.2d 1146, 1152 (5th Cir.1985).

In *Livingston,* a case originating in the United States District Court for the Southern District of Texas, the Fifth Circuit held that a witness could not be impeached with the offense of issuance of a bad check unless it could be shown that the offense involved the element of intent to defraud. The court stated that if the intent to defraud was present in the offense, then the offense involved "dishonesty or false statement" and would be admissible under rule 609(a)(2) of the Federal Rules of Evidence. An offense involving "dishonesty or false statement" is the same as an offense involving moral turpitude. *U.S. v. Gloria,* 494 F.2d 477, 481 (5th Cir.1974), *cert. denied,* 419 U.S. 995, 95 S.Ct. 306, 42 L.Ed.2d 267 (1974). *See Robertson v. State,* 685 S.W.2d 488, 492 (Tex.App.—Fort Worth 1985, no pet.); *Gonzalez v. State,* 648 S.W.2d 740, 742 (Tex.App.—Beaumont 1983, no pet.); R. RAY, TEXAS LAW OF EVIDENCE § 658 at 592 (1980). We agree with *Livingston* that the offense of issuance of a bad check does not involve moral turpitude unless it can be shown that the offense contained the element of intent to defraud.

In summary, we conclude that the statutory elements of a section 32.41 offense of issuance of a bad check do not include the element of intent to defraud; consequently, as statutorily defined, it is not an offense involving moral turpitude. Further, we conclude that the evidence in the record before us in this case does not show, either by way of allegation or proof, that an intent to defraud was present in the offense for which Mason had thrice been previously convicted; therefore, we conclude that those convictions were not for an offense involving moral turpitude. Consequently, we overrule the Board's sole point of error and affirm the trial court's judgment.