The ESTATE OF Diego PADILLA, et al., Appellants,

v.

The CHARTER OAKS FIRE INSURANCE CO., Appellee.

No. 05-92-00391-CV.

Court of Appeals of Texas, Dallas.

Nov. 23, 1992.

Rehearing Denied Dec. 22, 1992.

---

John Wright, Grand Prairie, for appellants.

Gwen Burkett, Dallas, Marie R. Yeates and Cathlene Bukowski Smith, Houston, for appellee.

Before LAGARDE, OVARD, and MALONEY, JJ.

## OPINION

MALONEY, Justice.

This is a summary judgment case. The estate of Diego Padilla and his family members (collectively the Padillas) appealed the Industrial Accident Board's [1] (IAB) denial of their claim for weekly benefits and medical expenses. The trial court granted Charter Oaks's motion for summary judgment. In five points of error, the Padillas complain that the trial court erred in granting Charter Oaks's motion for summary judgment and in denying their motion for summary judgment. They also contend that the trial court misinterpreted the workers' compensation statute (the Act). We affirm the trial court's judgment.

## STATEMENT OF FACTS

Texas Industries, Inc. employed Diego Padilla. He sustained injuries during the course and scope of his employment. Padilla filed a workers' compensation claim. Charter Oaks was the carrier. It paid Padilla weekly benefits and reimbursed his medical bills.

Padilla sued certain third parties for personal injury. The third-party claim settled. Charter Oaks stopped paying Padilla's benefits and medical expenses following the third-party settlement. After paying all subrogation claims and other costs, Padilla purchased a home, swimming pool, and a specially equipped van.

1. Presently known as the Texas Workers' Compensation Commission.

Doctors later diagnosed Padilla as having hepatitis. He contracted the disease from a blood transfusion received during treatment of his original injury.

After Padilla's death, the Padillas sought additional weekly benefits and medical expense reimbursement from the settlement date to Padilla's death. They alleged Padilla had exhausted all settlement funds. The IAB denied the Padillas' claim.

## WORKERS' COMPENSATION CLAIM

In their third, fourth, and fifth points of errors, appellants argue that they are entitled to receive benefits and medical expenses under the Act. Appellants contend the case turns on when an "advance"[2] is exhausted. Appellants maintain we should interpret an advance fund as "exhausted" when an injured worker uses his third-party recovery for "whatever reason."

The Padillas argue that the trial court did not grant Padilla's benefits because it misinterpreted the Act. They maintain that the trial court's construction wrongly required that his weekly compensation benefits equal his third-party recovery before he could collect any additional benefits. They argue that when Padilla exhausted the settlement monies, he was entitled to benefits.

### A. Applicable Law

Both parties conceded in oral argument that article 8307, section 6a(c) of the Act applies. We agree. Subsection (c) provides:

[T]he net amount recovered ... shall ... reimburse the association for past benefits and medical expenses paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act.

When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be made by the association, but if insufficient, the association shall resume such payments when the advance is exhausted. The reasonable and necessary medical expenses incurred by the claimant on account of the injury shall be deducted from the advance in the same manner as benefit payments.

### B. Statutory Construction Rules

We construe a statute to give effect to the legislative intent. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991). First, we review the language of the statute. *Seay v. Hall*, 677 S.W.2d 19, 25 (Tex.1984); *Sandy Int'l, Inc. v. Hansel & Gretel Children's Shop, Inc.*, 775 S.W.2d 802, 805 (Tex.App.—Dallas 1989, no writ). When the wording of a statute is ambiguous, we consult statutory construction rules and related legislative history. *Matrix, Inc. v. Provident Am. Ins. Co.*, 658 S.W.2d 665, 667 (Tex.App.—Dallas 1983, no writ).

We review an act as a whole. We do not give a statute a meaning that conflicts with other provisions if we can reasonably harmonize the provisions. *Volunteer Council v. Berry*, 795 S.W.2d 230, 240 (Tex.App.—Dallas 1990, writ denied). We give full effect to all the statute's language and not just one word or phrase. *See Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex.1987); *Sandy Int'l, Inc.*, 775 S.W.2d at 805. When the legislature does not expressly define statutory terms, we give the words ordinary meaning. *Rivas v. State*, 787 S.W.2d 113, 115 (Tex.App.—Dallas 1990, no writ).

---

**2.** *See Watson v. Glens Falls Ins. Co.*, 505 S.W.2d 793, 797 (Tex.1974) (In *dicta*, the Texas Supreme Court said "[s]ection 6a [after amendment in 1973] considers *any excess over the initial compensation claim* recovered in a third-party action as *an advance against future medical payments.* When this 'advance' is exhausted the compensation carrier resumes payment of

medical expenses.") (emphasis added). Under the Act, any third-party recovery monies remaining after reimbursement of past benefits and medical expenses is an "advance" against future benefit payments. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 326, § 1, 1985 Tex.Gen. Laws 1387, 1388. (repealed 1989).

If the statute refers to a person, thing, or consequence, it excludes all others. *Dallas County Appraisal Dist. v. Institute for Aerobics Research*, 732 S.W.2d 735, 736 (Tex.App.—Dallas 1987), *rev'd on other grounds*, 751 S.W.2d 860 (Tex.1988); *see also UAW Local 119 v. Johnson Controls, Inc.*, 813 S.W.2d 558, 567 (Tex.App.—Dallas 1991, writ denied). We do not interpret a statute in a manner that will lead to a foolish or absurd result, when another alternative is available. *City of W. Tawakoni v. Williams*, 742 S.W.2d 489, 491 (Tex.App.—Dallas 1987, writ denied); *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 921 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

Although not bound by an administering agency's interpretation, we defer to an administering agency's statutory interpretation. *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *Reed v. State Dep't of Licensing & Regulation*, 820 S.W.2d 1, 3 (Tex.App.—Austin 1991, no writ). When the legislature reenacts a statute without substantial change, we give it the agency's previous construction. *Id.* n. 2.

### C.  Application of Statutory Construction Rules

The legislature did not define "exhausted." Nor does the statute expressly describe how a person can exhaust an "advance." The Padillas would have us broadly interpret "exhausted." They contend that once the injured party spends the "advance," no matter how spent, it is "exhausted."

The Padillas' interpretation is incompatible with other clauses of subsection (c). Subsection (c) refers to the third-party recovery "as an advance against future benefit payments of compensation." The legislature provided that the carrier need not make additional payments "[w]hen the advance is adequate to cover all future compensation and medical benefit payments." The statute restricts deductible expenses to reasonable and necessary medical expenses "in the same manner as benefit payments." By expressly providing for deduction of

benefit payments and medical expenses in section 6a(c), the legislature excluded all other deductions from the advance.

To interpret the statute otherwise would ratify, even encourage, double recovery for employees. An injured employee could foolishly dissipate his third-party recovery and still require the carrier to pay additional weekly benefits and medical expenses.

The IAB and its successor consistently have interpreted section 6a as allowing only accrued benefit and medical expense deductions from the "advance." Appellants cite us to no instance in which a board has interpreted the statute differently. No appellate court has questioned either the IAB or its successor's interpretation of "exhausted."

### D.  Legislative History

The legislative history of the Act reinforces our conclusion that the legislature intended no double recovery. *See, e.g.*, Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, §§ 1.01–17.19, 1989 Tex.Gen. Laws 1–122 (codified as Tex.Rev. Civ.Stat.Ann. arts. 8308–1.01 through 8308a (Vernon Pamph.Supp.1992)). Only since 1973 has Texas allowed injured employees to sue third parties without totally forfeiting their benefits. Act of May 10, 1973, 63rd Leg., R.S., ch. 88, § 10, 1973 Tex.Gen.Laws 187, 193.

The legislature did not substantively change third-party "advances" when it amended the Act in 1989. Had the legislature wanted to modify the IAB's interpretations, it could have redefined "deductions from advances" in the 1989 amendments. The traditional definition of "deductions from advances" is in keeping with the purpose behind the 1989 revisions—cost reduction and abuse elimination. *See* William O. Ashcraft and Anita M. Alessandra, *A Review of the New Texas Workers' Compensation System*, 21 Tex.Tech.L.Rev. 609, 610 & 634 (1990); Tex.Rev.Civ.Stat.Ann. art. 8708–4.05 (Vernon Supp.1992) (current version of the now repealed section 6a).

Based on our review of the statute and the net amount recovered, we hold that

only weekly benefits and medical expenses can reduce an advance fund.

The trial court did not err in its interpretation of the statute and application of that law to the facts. We overrule appellants' points of error three, four, and five.

## SUMMARY JUDGMENT

In their first point of error, the Padillas complain that the trial court erroneously granted Charter Oaks's motion for summary judgment. In their second point of error, they allege that the trial court erred in denying their motion for summary judgment.

### A. Standard of Review

■ The Texas Supreme Court mandates the standards we apply in reviewing a trial court's granting summary judgment. They are:

1. The movant has the burden of showing no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.

2. In deciding whether a disputed material fact issue exists, we accept as true evidence favorable to the non-movant.

3. We indulge in every reasonable inference and resolve any doubts in the non-movant's favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant who moves for summary judgment must show that, as a matter of law, the plaintiff has no cause of action against him. *Citizens First Nat'l Bank v. Cinco Exploration Co.,* 540 S.W.2d 292, 294 (Tex.1976); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972).

### B. Applicable Law

■ In a trial de novo, the trial court reviews only the subject matter that was or could have been before the Industrial Accident Board. *Wright v. Texas Employers Ins. Ass'n,* 504 S.W.2d 394, 396 (Tex.1974); *see also* TEX.REV.CIV.STAT.ANN. arts. 8308–6.61, 6.62 (Vernon Pamph.Supp.1992); TEX. REV.CIV.STAT.ANN. arts. 8307a, 8307b (Vernon 1967), *repealed by* Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, § 6.62, 1989 Tex.Gen.Laws 1, 61–62. To prevail under article 8307, § 6a, the Padillas had to prove by a preponderance of the evidence that: (1) Padilla's injury was work-related; (2) the Act entitled Padilla to benefits but for his third-party settlement; (3) Padilla had reimbursed the carrier for past benefits and medical expenses paid; and (4) Padilla had exhausted the third-party settlement. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 326, § 1, 1985 Tex.Gen. Laws 1387, 1387–88 (formerly TEX.REV.CIV. STAT.ANN. art. 8307, § 6a), *repealed by* Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, § 16.01(10), 1989 Tex.Gen. Laws 1, 114.[3]

### C. Application of Law to Facts

■ After Padilla discovered he had hepatitis, he incurred an additional $52,-279.79 in medical expenses. Had there been no third-party settlement, Charter Oaks would have paid Padilla approximately $21,350 in weekly benefits during the period in issue.

The total amount of weekly benefits accrued and medical expenses incurred between the third-party settlement and Padilla's death was less than $75,000. The third party settled Padilla's claim for $700,000. This result is the same whether we calculate the "net amount recovered" on (1) $700,000 minus *only* the insurance carrier's subrogation interest of $64,414.10 for a net sum of $635,585.90 [4] or (2) $700,000 minus the subrogation interest, attorneys' fees, and costs for a net sum of $263,343.19.[5]

---

**3.** The Legislature has repealed section 6a and substantially reenacted it at TEX.REV.CIV.STAT.ANN. art. 8308–4.05 (Vernon Pamph.Supp.1992). Padilla's injuries occurred before January 1, 1991. Since the 1989 act applies only to injuries occurring on or after January 1, 1991, section 6a controls this case. *See* Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, § 17.18, 1989 Tex.Gen.Laws at 122.

**4.** *See Charter Oak Fire Ins. Co. v. Currie,* 670 S.W.2d 368, 370 (Tex.App.—Dallas 1984, no writ); *see also supra* note 2.

**5.** *Cf. Aetna Casualty & Surety Co. v. Harjo,* 766 S.W.2d 583, 584 (Tex.App.—Beaumont 1989, no writ) (would allow the insurance company's subrogation interest and attorney's fees but not litigation costs or other expenses: "[i]t is clear

Both \$635,585.90 and \$263,343.19 are greater than \$75,000. The net amount recovered exceeded the total that Charter Oaks would have paid but for the third-party settlement.

Charter Oaks owed the Padillas no additional payments because, under the Act, Padilla had not exhausted the "advance." Because he had not exhausted the third-party settlement, the Padillas could not, as a matter of law, prove their cause of action.

We find as a matter of law that the plaintiffs could not prevail on their cause of action against Charter Oaks. We overrule appellants' points of error numbers one and two.

We affirm the trial court's summary judgment.

---

the legislature intended the carrier to receive its subrogation claim first, subject to reasonable attorney's fees.... [The statute] simply made no provision for litigation costs"); *Goodman v.*

*Travelers Ins. Co.,* 703 S.W.2d 327, 329 (Tex. App.—Corpus Christi 1985, no writ) (questioned but did not decide how "net amount recovered" should be figured).