ACCEPTED
03-15-00300-CV
5379496
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/21/2015 1:24:54 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00300-CV**

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/21/2015 1:24:54 PM
JEFFREY D. KYLE
Clerk

TEXAS DEPARTMENT OF PUBLIC SAFETY,

APPELLANT

V.

ANISTY MIRASOL,

APPELLEE

No. D-1-GN-14-001479
201ST Judicial District
Appealing the Interlocutory Order from the 345th Judicial District
Travis County, Texas

**APPELLANT'S MOTION TO EXEMPT IT FROM PAYING FILING FEES
AND APPELLATE COSTS**

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

NOW COMES Appellant Texas Department of Public Safety ("DPS") and files its Motion to Exempt it from Paying Filing Fees and Appellate Costs, including electronic fees, and shows the court as follows:

**I.
BACKGROUND**

On May 14, 2015, Appellant DPS filed its Notice of Appeal of Interlocutory Order with the Travis County District Clerk's Office pursuant to TEX. R. APP. P.

1

25.1(a) (An appeal is perfected when a written notice of appeal is filed with the trial court clerk.) The district clerk then sent a copy of the Notice of Appeal to the Court of Appeals.

On May 15, 2015, Appellant received a letter from the Clerk of the Court of Appeals advising that it was requesting payment of a "$195.00 filing fee." See letter on file with the court.

On May 19, 2015, the Travis County district clerk informed Appellant by telephone that it agreed with Appellant that it was exempt from having to pay for the Clerk's Record. The Clerk's Record would be sent to the Court of Appeals without Appellant paying for the record. The Clerk's Record contains a copy of the Appellant's Notice of Appeal.

On May 20, 2015, Appellant's counsel conferred by telephone with Jeffrey Kyle, the Clerk of the Court of Appeals, regarding the Clerk's letter. The Clerk stated that Appellant DPS is to efile another copy of its Notice of Appeal and pay the $195.00 fee via the efiling. Appellant explained that it is not required to file the Notice of Appeal with the Court of Appeals and that it properly filed it with the district clerk's office. Even if the Court of Appeals required a copy, the District Clerk has already sent a copy to the Court of Appeals and another copy is contained in the Clerk's Record.

Appellant also explained the statutory exemption of government units, such as DPS, from the payment of court fees pursuant to Tex. Civ. Prac. & Rem. Code §6.001 (West 2002). The Clerk advised that Appellant could file a motion for the consideration of the Justices regarding this matter.

## II.
## ARGUMENTS

The Clerk of the Court of Appeals relies on Tex. R. App. P. 5 as its authority for requiring the payment of fees by a governmental unit such as Appellant DPS. See Clerk's letter.  Rule 5 provides:

> ***A party who is not excused by statute*** or these rules from paying costs must pay—at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order. The appellate court may enforce this rule by any order that is just.

Tex. R. App. P. 5 (emphasis added).  State governmental units such as DPS are excused by statute from paying costs. It is Tex. Civ. Prac. & Rem. Code § 6.001 (West 2002) and it provides in relevant part:

> § 6.001. State & Federal Agencies Exempt From Bond for Court Costs or Appeal
>
> (a)  A governmental entity or officer listed in Subsection (b) ***may not be required to file a bond for court costs*** incident to a suit filed by the entity or officer ***or for an appeal*** or writ of error taken out by the entity or officer and is not required to give a surety for the issuance of a bond to take out a writ of attachment, writ of sequestration, distress warrant, or writ of garnishment in a civil suit.
>
> (b)  The following are exempt from the bond requirements:

3

(1) *this state*;
(2) *a department of this state*;

TEX. CIV. PRAC. & REM. CODE § 6.001 (West 2002)(emphasis added).

Moreover, the statutes regulating the fees for electronic filing provide: "(a) To the extent of any conflict between the provisions of this chapter and another state statute, *the other statute prevails.*" TEX. GOV. CODE § 101.001(West 2013)(emphasis added). Therefore, as between the statutes governing filing fees and the exemption of payment of fees for State governmental units, TEX. CIV. PRAC. & REM. CODE § 6.001 must prevail.

Section 6.001 exempts the state from advance payment of filing fees and other court costs *for an appeal* but does not exempt it from ultimately paying such costs if costs are properly adjudged against it as a non-prevailing party and where no statute exempts it from costs. Tex. Att'y Gen. Op. No. MW-447A (1982) and DM-459 (1997)(emphasis added); see *Rodeheaver v. Alridge*, 601 S.W.2d 51, 54 (Tex. App. Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Fees are "security for costs" for example, to cover the "costs of the clerk's services for the initial filing of the action, but also many other services which will accrue during the processing of the suit. Thus, the statutory fee is, in effect, an advance payment for the cost of services which have not been rendered at the time the fee is collected." *Rodeheaver*, 601 S.W.2d at 54.

4

The Tex. Att'y Gen. Op. No. MW-447A (1982) and again in DM-459 (1997) both concluded that "the state is not required to pay filing fees for the filing of a case, pay fees for service of citation, *or give any other security for costs*, *including any appellate costs*…although the state will ultimately be liable for costs should it be the losing party." Tex. Att'y Gen. Op. No. DM-459 (1997)(emphasis added) and referring to TEX. CIV. PRAC. & REM. CODE § 6.001 (West 2002).

In *Dallas County Bail Bond Board v. Mason*, the court considered Section 6.001 as it applies to counties and held that the Board was exempt from filing an appeal bond. *Dallas County Bail Bond Board v. Mason*, 773 S.W.2d 586, 587 (Tex. App.—Dallas 1989, no pet.) relying on *Dallas County Appraisal District v. Institute for Aerobics Research*, 751 S.W.2d 860 (Tex. 1988)(similar statute in Tex. Prop. Code §42.28 exempts county and its agencies from filing appeal bonds). The Supreme Court opined in *Aerobics* on the purpose of these types of exemption statutes as follows:

> No purpose would be served by requiring an appraisal district to file appeal bonds. As a political subdivision, an appraisal district is funded by tax dollars, and no doubt exists concerning its ability to pay any cost that might legally be assessed against it....The undesirable state of having public funds tied up in litigation militates against such a holding.

*Dallas County Appraisal District v. Institute for Aerobics Research*, 751 S.W.2d 860, 862 (Tex. 1988); see also *In re Bill Long*, 984 S.W.2d 623, 626-27 (Tex.

1999)(District Clerk not required to file supersedes bond pursuant to TEX. CIV. PRAC. & REM. CODE § 6.001(b)(4)).

Similarly, no purpose is served by requiring the State of Texas or its departments to pay a bond, such as electronic fees and court fees, with public funds when there is no doubt that the State has the ability to pay any costs that might legally be assessed against it if it does not prevail in the appeal.

For the above reasons, Appellant DPS moves this appeals court to exempt Appellant, a governmental unit, from the payment of all filing fees and costs, if and until, at the conclusion of the appeal such costs are properly assessed against DPS if it is a non-prevailing party.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KARA KENNEDY
Division Chief, Tort Litigation

/s/ Elsa Girón Nava

_____
ELSA GIRÓN NAVA
Assistant Attorney General
State Bar No.  14826900
Tort Litigation Division, Mail Stop 030

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2197 / (512) 457-4459, direct fax
Elsa.Nava@texasattorneygeneral.gov
ATTORNEY FOR APPELLANT DPS

CERTIFICATE OF CONFERENCE

This motion is not decided on whether Appellee's counsel agrees that this Court of Appeals cannot require the state to pay the court's filing fees. This motion was rejected when efiled because it lacked a certificate of conference.

Therefore, on May 21, 2015, I conferred with Appellee's counsel regarding this motion and he agrees with this motion.

/s/ Elsa Girón Nava
_____
ELSA GIRÓN NAVA
Assistant Attorney General

7

CERTIFICATE OF ELECTRONIC SERVICE

I certify that on May 21, 2015, at approximately 1:30 p.m., I served a copy of this document on the party/parties below by electronic service concurrently with the electronic filing of the document. The electronic transmission was reported as complete. My e-mail address is Elsa.Nava@texasattorneygeneral.gov

Paul Batrice                                    *Via E-Service*
Batrice Law Firm
1114 Lost Creek Blvd, Suite 440
Austin, TX  78746
(512) 600-1000
(512) 600-0217, fax
Paul@batricelawfirm.com
Attorney for Appellee


/s/ Elsa Girón Nava
_____

ELSA GIRÓN NAVA
Assistant Attorney General