**Office of the Attorney General**
**State of Texas**
January 30, 1992


DAN MORALES
ATTORNEY GENERAL

Honorable Eddie Cavazos
Chairman
Budget and Oversight Committee
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-82

Re: Whether the Corpus Christi Municipal Court has jurisdiction in certain cases involving the issuance of bad checks (RQ-222)

Dear Representative Cavazos:

You ask whether the Corpus Christi Municipal Court has jurisdiction in cases involving the issuance of a bad check, specifically in a situation in which a bad check is passed in exchange for property or services, as distinguished from a situation in which a bad check is issued solely for payment of money. We will begin by examining the jurisdiction of municipal courts in cases involving state law violations, and we will then address the penal provisions that pertain to your question.

A municipal court in each incorporated municipality is created by statute. *See* Gov't Code § 29.002. The jurisdictional limits of the municipal courts in regard to criminal cases arising under state law are set forth in section 29.003(b)[1] of the Government Code as follows:

> (b) The municipal court has concurrent jurisdiction with the justice court of a precinct in which the municipality is located in all criminal cases arising under state law that:
>
> (1) arise within the territorial limits of the municipality; and
>
> (2) are punishable only by a fine not to exceed $500.

---

[1]Section 29.003(b) of the Government Code was amended by House Bill 407, Acts 1991, 72d Leg., ch. 108, § 7, at 682, effective September 1, 1991. Before this amendment, the amount of the fine for municipal court jurisdiction of criminal cases was $200.

*See also* Code Crim. Proc. art. 4.12 (stating same jurisdictional limitations).

Violation of section 32.41 of the Penal Code, the issuance of a bad check for payment of money, is a Class C misdemeanor. Penal Code § 32.41(f). A Class C misdemeanor is punishable by fine only, not to exceed $500. *Id* § 12.23.[2] Because the punishment for a Class C misdemeanor conforms to the statutory jurisdiction of municipal and justice courts, the two courts will always have concurrent jurisdiction over cases involving the prosecution of the offense of issuance of a bad check for payment of money, when the offense is committed within the territorial limits of the municipality. *See* Attorney General Opinion V-104 (1947).

You ask whether the municipal court has jurisdiction over cases involving the issuance of a bad check when the check is issued for property[3] or services. We must determine the offense that can be properly charged in such situations, in order to determine whether the municipal court of Corpus Christi may hear the case. Passing a worthless check in exchange for property or services violates the theft statutes. Penal Code §§ 31.03 (theft), 31.04 (theft of service); *see Christiansen v. State*, 575 S.W.2d 42 (Tex. Crim. App. 1979); Attorney General Opinion JM-820 (1987).[4] Whether the municipal and justice courts have jurisdiction of prosecution for theft cases involving the passing of a bad check depends on the value of the

---

[2] Section 12.23 of the Penal Code was amended by House Bill 407 of the 72d Legislature to increase the amount of the fine for a Class C misdemeanor from $200. This change in the amount of the fine for a misdemeanor applies only for an offense committed on or after the effective date of the act. House Bill 407, *supra*, §§ 1, 12. Further, an offense is committed before the effective date of the act if any element of the offense occurs before the effective date. *Id.* § 12, at 682.

[3] We understand your use of the term "property" to not include money, although such is not the case in the theft chapter of the Penal Code. *See* Penal Code § 31.01(6)(C) ("[p]roperty" may be "a document, including money, that represents or embodies anything of value").

[4] We note that one bad check transaction may involve a violation of section 32.41, as well as section 31.03 or 31.04 of the Penal Code as, for example, when a bad check is exchanged for cash. *See* Attorney General Opinion JM-820 (where both offenses arise from one transaction, double jeopardy provisions of the state and federal constitutions do not bar the trial of an accused for both issuance of a bad check and theft); *see also* Penal Code § 31.01(6)(C) ("[p]roperty," includes money). We further note that an offense under section 32.41 of the Penal Code is not a lesser included offense of a section 31.03 or 31.04 offense. Penal Code § 32.41(g). Since you do not raise any questions pertaining to the jurisdiction of the Corpus Christi Municipal Court in such situations, we will not address them at this time.

property involved. Theft of property or services valued at less than $20 is generally a Class C misdemeanor. *See* Penal Code §§ 31.03(e)(1) (making theft of property valued at less than $20 a Class C misdemeanor, except where actor is a public servant), 31.04(e)(1) (Class C misdemeanor if value of service stolen is less than $20). The justice and municipal courts would, therefore, have concurrent jurisdiction of theft cases involving property or services valued at $19.99 or less.

## SUMMARY

The Corpus Christi Municipal Court has jurisdiction over theft cases involving the issuance of a check when the property or services involved is valued at less than $20.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kay H. Guajardo
Assistant Attorney General